```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF MINNESOTA
                  Civil No. 19-41(DSD/HB)
```

Repco Inc.
d/b/a Peterson Enterprises,

        Plaintiff,

v.                                                   **ORDER**

Flexan, LLC,

        Defendant.

      Jeffrey J. Bouslog, Esq., Peter D. Stiteler, Esq. and Fox
      Rothschild, LLP, 222 South Ninth Street, Suite 2000,
      Minneapolis, MN 55402, counsel for plaintiff.

      Charles N. Nauen, Esq., Rachel Ann Kitze Collins, Esq. and
      Lockridge Grindal Nauen, PLLP, 100 Washington Avenue South,
      Suite 2200, Minneapolis, MN 55401; Brittany Whitesell Biles,
      Esq. and Stein Mitchell Beate & Missner LLP, 901 15th Street
      NW, Suite 700, Washington, DC 22309, counsel for defendant.

This matter is before the court upon the motion to remand by plaintiff Repco, Inc. and the motion to dismiss by defendant Flexan, LLC. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to remand and denies the motion to dismiss as moot.

## BACKGROUND

This unfair competition dispute arises out Flexan's termination of Repco as its regional sales representative, and Flexan's alleged interference in Repco's business relationship with a third-party, Qure. Flexan is an Illinois company that

manufactures silicone and thermoplastic medical devices. Removal Pet. ¶ 1. Repco is a Minnesota corporation, specializing in medical device sales. Id. ¶ 2.

On July 23, 2018, Repco served the complaint on Flexan. Id. ¶ 7. The complaint states that Repco seeks more than $50,000 in damages.[1] Compl. at 7. On August 15, 2018, Repco sent Flexan a demand letter representing that it suffered over $3,000,000 in damages. Bouslog Decl. Ex. 5.

On November 16, 2018, Repco filed the complaint in Hennepin County District Court. Removal Pet. ¶ 9. On December 28, 2018, Repco served its initial disclosures, again representing that it suffered over $3,000,000 in damages. Id. ¶ 10; see also Id. Ex. 2 at 3. On January 7, 2019, Flexan removed the case. Id. Repco now moves for remand, arguing that removal was untimely.

The parties do not dispute that they are diverse and that the amount in controversy exceeds $75,000. The sole issue is whether Flexan timely removed within the thirty-day period prescribed by 28 U.S.C. § 1446(b). Because the complaint does not expressly seek more than $75,000 in damages, the question is whether Flexan should have known that removal was possible within the removal period. Repco argues that the removal period began when Flexan received the demand letter in August 2018. Flexan responds that the removal

---

[1] The complaint raises tortious interference and unfair competition claims.

2

period did not commence until Repco served its initial disclosures in December 2018.

**DISCUSSION**

Federal courts are courts of limited jurisdiction, and subject matter jurisdiction is a threshold inquiry for all actions. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs, and that complete diversity of citizenship exist between the parties. A party may timely remove a civil action on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b).

The relevant deadline for removal is set forth in 28 U.S.C. § 1446(b)(3):

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). On a motion to remand, the party seeking removal bears the burden of establishing federal jurisdiction. In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). The court resolves any doubt as to removal in favor of remand. Id.

Repco's August 2018 demand letter stated that it suffered over $3,000,000 in damages. Settlement demands and other documents that include information "from which the defendant should have ascertained that removability was possible" constitute "other paper" under § 1446(b)(3). Cooper v. Steele, No. 13-2622, 2014 WL 3734255, *7 (D. Minn. July 29, 2014); see also Groeneweg v. Flint Hills Res., No. 08-4815, 2008 WL 4951494, at *2 (D. Minn. Nov. 18, 2008); Cooper v. S and H, Inc., No. 11-2783, 2012 WL 245116, at *3 (D. Minn. July 12, 2012). As a result, Flexan was on notice as of August 15, 2018, that the amount in controversy exceeded the jurisdictional requirement. Despite that fact, Flexan did not remove the case until January 7, 2019, long after the removal period expired. As a result, the court must remand this case to the Hennepin County District Court.[2]

---

[2] Repco also requests costs and actual expenses incurred in moving to remand. See 28 U.S.C. § 1447(c). Although the court rejects Flexan's argument that Repco's initial disclosures triggered the removable period, this position is not objectively unreasonable. Indeed, on the remand issue, the court notes that Repco and Flexan primarily relied on the same Eighth Circuit precedent. See Gibson v. Clean Harbors Envtl. Serv., Inc., 840 F.3d 515, 522 (8th Cir. 2016). Legally incorrect as it may have been, Flexan's removal was not so unusual or compelling as to warrant fees under § 1447(c). See, e.g., Martin v. Franklin, 546 U.S. 132, 141 (2005)(holding that "[a]bsent unusual circumstances" fees under § 1447(c) are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."). As a result, the court denies Repco's request for fees under § 1447(c).

Because the court concludes that this matter must be remanded, it denies Flexan's motion to dismiss as moot.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to remand [ECF No. 10] is granted as set forth above;
2. The case is remanded to the Hennepin County District Court; and
3. The motion to dismiss is denied as moot [ECF No. 12].

Dated: March 13, 2019

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court